[File No. 6262.]

CHARLES DE KAY, Respondent, v. LUMBERMEN'S MUTUAL
CASUALTY COMPANY, a Corporation, Appellant.

(255 N. W. 468.)

Opinion filed June 9, 1934.

*Dullam & Young,* for appellant.

Jacobsen & Murray and Hanley & Hanley, for respondent.

BURKE, J. This is an appeal from an order overruling a demurrer. The complaint alleges, in substance, that the defendant is a foreign corporation licensed to transact business in the state of North Dakota, including writing liability insurance and that A. Y. McDonald Manufacturing Company, a foreign corporation, was at the times herein mentioned transacting business in the state of North Dakota. That on the 11th day of December, 1932, and for a long time prior thereto and thereafter the plaintiff was employed by the A. Y. McDonald Manufacturing Company as a salesman of the commodities and products of the A. Y. McDonald Manufacturing Company in the state of Minnesota, North Dakota and other states. That the laws of Minnesota, at all times herein mentioned, required all employers to either take out workmen's compensation insurance with the state or to take out workmen's compensation insurance with private insurance companies, insuring all of its employees, and thereby insuring such employees against all damages they might sustain by accident or otherwise, while in the employ of their employer. That pursuant to such employment and pursuant to the statutes of the state of Minnesota the said A. Y. McDonald Manufacturing Company did enter into a contract of insurance with the defendant company in consideration of the payment of said employer, A. Y. McDonald Manufacturing Company, the said defendant made and delivered to A. Y. McDonald Manufacturing Company its policy of insurance in writing herein, which insured all

of the employers of the said A. Y. McDonald Manufacturing Company, including the plaintiff, against all damages and loss which the employee of said A. Y. McDonald Manufacturing Company, including the plaintiff, might sustain by accident, injury or otherwise, while in the employ of said A. Y. McDonald Manufacturing Company and in said policy the said defendant promised and agreed to pay directly to the employee, including the plaintiff, any damages he might sustain by accident or otherwise while in said employment; that said policy contained the usual and customary covenants and provisions contained in such policies and said policy of insurance is made a part of this complaint by reference thereto with the same force and effect as if the same were fully set out herein; that on the 11th day of December, 1932, on highway number 10, about three miles east of Mandan and while the plaintiff was in the employment of the A. Y. McDonald Manufacturing Company and in the performance of his duties and acting within the scope of his employment he collided with a car parked on said highway headed east without any lights, wherein and whereby the plaintiff's face, hands and wrists and arms and other parts of his body were greatly hurt, cut and bruised and his skull fractured, wherein and whereby he was seriously injured and wounded, in all of his body, and injured internally and permanently; that since said time he has been practically a permanent cripple, and expects to be a permanent cripple all the days of his life; that by reason thereof, the plaintiff was put to heavy expense for doctors, hospital bills and has been unable to work ever since, and was prevented from attending to his employment ever since, and was thereby made and now is a permanent cripple for life, to plaintiff's damage in the sum of $25,000.00. That the plaintiff fulfilled all of the conditions required by the said policy of insurance and by the rules required by his employers, and gave to his employer and to said company due notice of his injury, and made due proof of his claim; that the plaintiff had demanded payment but the defendant has refused to pay.

The action is brought on an insurance policy and while it is true that the plaintiff alleges that the laws of Minnesota require all employers to either take out workmen's compensation insurance with the state or to take out workmen's compensation insurance with private insurance companies insuring all of its employees, there is nothing in

the said complaint to show that the plaintiff is relying in any way upon the workmen's compensation laws of Minnesota but is relying altogether on the contract of insurance with the defendant. He alleges that the A. Y. McDonald Manufacturing Company elected to insure its employees in a private company and it is respondent's contention that by so electing to insure its employees in a private insurance company its rights, the rights of the employer and the rights of the insurance company are determined by the insurance contract; that his employer, by the furnishing of the insurance, is exempt from any further liability and the insurance company's liability is determined by the contract made for the benefit of the employees.

It is alleged in said complaint that the said defendant delivered to the A. Y. McDonald Manufacturing Company the policy of insurance, insuring the employees of the A. Y. McDonald Manufacturing Company, including the plaintiff, against all damages and loss which the employees of said A. Y. McDonald Manufacturing Company, including the plaintiff, might sustain by accident, injury or otherwise, while in the employ of the said A. Y. McDonald Manufacturing Company, and in said policy the said defendant promised and agreed to pay directly to the said employees, including the plaintiff, any damages he might sustain by accident or otherwise, while in said employment. It is further alleged that while the plaintiff was in the employment of A. Y. McDonald Manufacturing Company and in the performance of his duties and acting within the scope of his employment he was injured, describing the injury. It is alleged that the plaintiff gave due notice to the employer of the injury and has done everything required of him by said policy.

The complaint states a cause of action on the contract of insurance and the order appealed from is affirmed. It is further ordered that the defendant serve upon the respondent its answer within twenty days after notice of this decision.

NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.

BURR, Ch. J. (dissenting). I think the demurrer should have been sustained.